## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ABRAHAM HUNTER,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No. 1:25-cv-13150

Judge Robert W. Gettleman

Magistrate Judge Beth W. Jantz

## DECLARATION OF YANLING JIANG

I, Yanling Jiang, declare as follows:

1.     I am an attorney at JiangIP LLC, counsel for Plaintiff Abraham Hunter in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (Baidu Maps and Amap). I make this Declaration in support of Plaintiff's Renewed Motion for Entry of Default and Default Judgment.

1

2. The Court's Order directs Plaintiff to address (1) whether the addresses of the Defendants are known and (2), if the addresses are not known, the efforts Plaintiff undertook to discover them. This Declaration and the accompanying Exhibits A and B address both questions as to the fifty-nine remaining Defendants, fifty-six of whom are located in China and three of whom (Nos. 5, 16, and 34) are located in Vietnam. Of the sixty-seven Defendants originally identified on Schedule A, eight were voluntarily dismissed — six by ECF [27] (Nos. 4, 17, 18, 41, 63, and 65) and two by ECF [42] (Nos. 48 and 60) — leaving the fifty-nine remaining Defendants addressed in this Declaration. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

3. **Address ascertained.** For each of the fifty-six China Defendants addressed in this Declaration, I began with the address the platform states for the seller, as reflected in Plaintiff's Schedule of Defendants. The stated address for each Defendant is set out in Exhibit A.

4. **Address searched (efforts undertaken).** For each China Defendant, the stated address was searched on four independent, publicly available resources — a Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图) — and a screenshot of each search was captured. A Baidu web search was also attempted, but Baidu's automated security verification (安全验证) consistently prevented reliable capture of search-result pages, and counsel therefore elected to rely on the four verifiable captures rather than submit potentially inaccurate or misleading screenshots. The mechanical searching and screen-capture was performed by a research associate working under my direction and supervision; I personally examined every capture, and I personally read and interpreted the Chinese-language search results. I am able to do so as a native reader and writer of Chinese who is familiar with

2

Chinese-language mapping services and with the way Chinese addresses are structured. The captures for each Defendant (the searches described above) are collected, by Defendant, in Exhibit A.

5. **Map results.** Reading and interpreting the Chinese-language map results myself, I determined that for all 56 of the China Defendants the searches did not verify the stated address as a real, current location connected to the Defendant. For each of those Defendants the searches either (a) did not locate the stated address at all; (b) resolved only to a broad district, township, or village rather than the stated street and unit; (c) returned different, unrelated establishments; or (d) showed the stated unit to be an "office-only" (仅限办公) registration or a shared workstation (工位) rather than the Defendant's own premises. The specific result for each Defendant is stated in Exhibit A.

6. **PRC business-registry check.** I personally checked the 56 China sellers against the Tianyancha (天眼查) PRC business-registry database and read the Chinese-language registry records myself; the results are compiled in Exhibit B. For no Defendant did the registry return an entity that can be verified as the "person to be served" at a verifiable address within the meaning of Article 1: for each seller, either (a) no registered entity was returned; (b) the entity returned does not match the platform-disclosed name, and no independent source links the platform alias to that entity; or (c) although a registered entity transliterates to the platform-disclosed name, its registered address lies in a different location than, and does not match, the platform-disclosed address, so no address can be verified as the Defendant's place of business. The registry result for each seller is set out in Exhibits A and B.

7. **Conclusion as to the China Defendants.** As to all 56 China Defendants, no registered entity could be verified as the "person to be served" at a verifiable address within

the meaning of Article 1, and the stated address does not verify; whether or not a registered entity transliterates to a seller's platform-disclosed name, the address is not known within the meaning of Article 1, and Plaintiff undertook the four-resource search and registry check described above in an effort to discover it. Plaintiff will serve the China Defendants by email under Rule 4(f)(3).

8. **The three Vietnam Defendants (Nos. 5, 16, and 34).** The three remaining Defendants located in Vietnam — Nos. 5 BUI DUC TAM NB, 16 ĐỨC BALOTELI, and 34 BXCV4RE — are not registered PRC entities, and the PRC business-registry and SAMR-name analyses described above do not apply to them. For each, I reviewed the platform-disclosed Vietnamese address and a Google web search and Google Maps search of that address; those captures are compiled in Exhibit A. In each instance the search resolved no lower than a province, commune, or hamlet and did not verify the stated street or unit as a specific location connected to the Defendant: for No. 5, the search resolved only to the Hải Dương province area at the stated postcode and the street-level portion of the address did not resolve; for No. 16, the search resolved only to a hamlet name ("Thôn Phượng Hoàng"), returning two competing candidate locations in different communes, and the stated commune and postcode did not resolve; and for No. 34, the stated hamlet ("Thôn Nội Thượng") could not be located and the search returned only commune- and district-level government landmarks. Each of these three Defendants operates an Amazon storefront and maintains a platform-verified email address.

9. Exhibit A is a true and correct compilation, for each Defendant, of the search captures described above: a Google web search, Google Maps, Baidu Maps, and Amap for the China Defendants (Google web and Google Maps only where a Defendant's stated address contains

no Chinese characters), and a Google web search and Google Maps for the three Vietnam Defendants. Exhibit B is a true and correct compilation of the Tianyancha registry-check results for the fifty-six China Defendants described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 29, 2026

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*

5