# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ABRAHAM HUNTER,

          Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

          Defendants.

Case No. 25-cv-13150

**Judge Robert W. Gettleman**

**Magistrate Judge Beth W. Jantz**

## DEFAULT FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff ABRAHAM HUNTER ("Hunter" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on the First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

As the address of each Defaulting Defendant is not known and, consistent with *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (7th Cir. 2026), Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-408-240; VA 2-408-262; VA 2-408-238; VA 2-408-270; VA 2-408-264; VA 2-408-268; VA 2-408-269; VA 2-408-239; VA 2-404-049; VA 2-408-271; VA 2-408-241; VA 2-408-260; VA 2-408-263; VA 2-408-242; and VA 2-408-267 (the "Abraham Hunter Works") to residents of Illinois.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

2

a.  using the Abraham Hunter Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Abraham Hunter product or not authorized by Plaintiff to be sold in connection with the Abraham Hunter Works;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Abraham Hunter product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Abraham Hunter Works;

c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Abraham Hunter Works, or any reproductions, infringing copies or colorable imitations.

2.  Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

3

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Abraham Hunter Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Abraham Hunter Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Abraham Hunter product or not authorized by Plaintiff to be sold in connection with the Abraham Hunter Works.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Abraham Hunter Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Hunter is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of the infringing Abraham Hunter Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.     All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.     Until Plaintiff has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.     In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Abraham Hunter and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Dated: July 31, 2026

Robert W. Gettleman
United States District Judge

5

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | daiyuanbiaoshop |
| 2 | helinlin12345 |
| 3 | li ping Street sign poster |
| 4 |  |
| 5 |  |
| 6 | zhi cha DH art poster |
| 7 | quwoxianhanxuanshangmaoyouxiangongsi |
| 8 | American Standard Poster Shop |
| 9 | yu li Boutique poster |
| 10 | chentiantian1 |
| 11 | sics8 |
| 12 | yi shuai Handsome poster |
| 13 | cheng wu Infinite have love studio |
| 14 | ting fa |
| 15 | Yennnnn poster |
| 16 |  |
| 17 |  |
| 18 |  |
| 19 | Fit Sew |
| 20 | HuHeHaoTeShiLunMinChengShangMao |
| 21 | lingbos |
| 22 | lyxrrdq |
| 23 | SuiZhouShiZengDuQuXuYuYuan |
| 24 | YuZhouShiWeiXuShangMaoYouXianGongSi |
| 25 | CaoLi47 |
| 26 | xiaosnan |
| 27 | HeNanJiuQuanLeShangMao |
| 28 | fly flower |
| 29 | Ou Duo |
| 30 | jiangxianshuaixianshangmaoyouxiangongsi |
| 31 | AE9EUX17M |
| 32 | chenyi art |
| 33 | 裙发科技店 |
| 34 |  |
| 35 | ZHENGMEIGE |
| 36 | Fansipro Direct |
| 37 | wenxinchenyu |
| 38 | qiuxuhuyang |
| 39 | jia-home-xzzyc |

| 40 | qujingshengcaidianzishangwuyouxiangongsi |
|----|----|
| 41 | |
| 42 | BaoFengXianJunPengJiaJu |
| 43 | Scor-Yan-Auxi |
| 44 | 厨局康商贸 |
| 45 | Guangzhou Bangqun Trading Co., Ltd |
| 46 | Futterya |
| 47 | dong bin Glamour poster |
| 48 | |
| 49 | JJIWE |
| 50 | WanShiShengJianZhuGongCheng |
| 51 | BeiLingJingMao |
| 52 | artsselling |
| 53 | liuli668 |
| 54 | huanglixiangYS |
| 55 | zhongyanfen13 |
| 56 | luoyanggeheshangmaoyouxiangongsi |
| 57 | TaiYuanChengShuoShangMao |
| 58 | Taozhi Qianli |
| 59 | Falaza |
| 60 | |
| 61 | FHMDREUP |
| 62 | zhaobashangmao |
| 63 | |
| 64 | Run headset store |
| 65 | |
| 66 | Yingjie Men store |
| 67 | Hot Wind Art |